UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 19-204** |
| **JAMES ALEXANDER** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant James Alexander's Motion to Dismiss or Compel Election of Certain Multiplicitous Counts of Indictment (Doc. 934). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Defendant James Alexander is one of twenty-one co-defendants in this criminal Racketeer Influenced and Corrupt Organizations Act ("RICO") case concerning alleged gang activity by a criminal organization known as the "Byrd gang" in and around New Orleans, Louisiana. He is charged in the Second Superseding Indictment with seven counts. Count 1 charges Alexander in a RICO conspiracy in violation of 18 U.S.C. § 1962; Count 2 charges Alexander with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; Count 3 charges Alexander with conspiracy to possess firearms in

1

furtherance of a drug trafficking charge in violation of 18 U.S.C. § 924(o); Count 8 charges Alexander with assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); Count 9 charges Alexander with using, carrying, and discharging a firearm during and in relation to a crime of violence and/or drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); Count 10 charges Alexander with assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); and Count 11 charges Alexander with using and carrying a firearm during and in relation to a crime of violence and/or drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

Alexander now moves to dismiss Counts 9 and 11, or to compel the Government to elect to proceed to trial on either Count 9 or Count 11, arguing that they are multiplicitous. Specifically, Alexander argues that Counts 9 and 11 each allege illegal use of a firearm during the same drug trafficking conspiracy. The Government opposes.

## **LEGAL STANDARD**

"An indictment is multiplicitous if it charges a single offense in multiple counts, thus raising the potential for multiple punishment for the same offense, implicating the Fifth Amendment double jeopardy clause."[1] To determine whether an indictment is multiplicitous, district courts "look to whether separate and distinct prohibited acts, made punishable by law, have been committed."[2] "The chief danger raised by a multiplicitous indictment is

---

[1] United States v. Reagan, 596 F.3d 251, 253 (5th Cir. 2010) (cleaned up).
[2] United States v. Planck, 493 F.3d 501, 503 (5th Cir. 2007).

the possibility that the defendant will receive more than one sentence for a single offense."[3]

## LAW AND ANALYSIS

In the Second Superseding Indictment, Defendant Alexander is charged in each of Counts 9 and 11 with using a firearm during and in relation to a crime of violence and/or drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The predicate offenses supporting Count 9 are the conspiracy to distribute controlled substances charged in Count 2—a drug trafficking crime—and the assault with a dangerous weapon in aid of racketeering that occurred on May 3, 2017 charged in Count 8—a crime of violence. The predicate offenses supporting Count 11 are the conspiracy to distribute controlled substances charged in Count 2—a drug trafficking crime—and the assault with a dangerous weapon in aid of racketeering that occurred on August 25, 2017 charged in Count 10—a crime of violence. Defendant argues that Counts 9 and 11 are multiplicitous because they are each predicated on Count 2, and "the same underlying drug trafficking offense can support only one conviction for possession of firearms under § 924(c)."[4] Defendant argues that the Second Superseding Indictment as written creates a danger that he may receive two sentences for a single offense in violation of the double jeopardy clause. He also raises concerns that the multiplicity may create an "adverse psychological

---

[3] *Id.*
[4] United States v. Riggins, 524 F. App'x 123, 131 (5th Cir. 2013).

effect" on the jury from the suggestion that several crimes have been committed.

The Government admits that multiple counts of § 924(c) cannot be predicated on the same drug trafficking conspiracy. It contends, however, that Counts 9 and 11 are not necessarily multiplicitous where the jury could find that the illegal use of a firearm was predicated on the crimes of violence and not the drug trafficking conspiracy charged in Count 2. Stated differently, the counts would only be multiplicitous if the jury finds that both Counts 9 and 11 are predicated only on the Count 2 drug trafficking conspiracy and neither is predicated on the crimes of violence charged in Counts 8 and 10. Accordingly, the Government argues that any multiplicity problem could be addressed through a question on the jury verdict form asking the jury to identify the predicate offenses for Counts 9 and 11. It argues that, in the event that the jury returns a verdict that is multiplicitous, the appropriate time to address that issue would be at sentencing.

The Court agrees with the Government that the risk that Defendant will receive more than one sentence for a single offense—the chief danger associated with multiplicitous charges—can be addressed at the trial stage through jury verdict form questions and at the sentencing stage by compelled election.[5] The Fifth Circuit has advised that "[t]he key issue" presented by multiplicitous charges "is whether a reviewing court can determine from the

---

[5] *See* United States v. Privette, 947 F.2d 1259, 1263 (5th Cir. 1991) (acknowledging that the necessary link between a firearms charge and a predicate offense can be supplied by jury instructions).

jury verdict whether the convictions violate double jeopardy principles."[6] This concern is easily addressed by the Government's suggestions without requiring pre-trial election between the charges.

In addition, as Defendant points out, a secondary danger inherent in multiplicity is "an adverse psychological effect on the jury . . . result[ing] from the suggestion that several crimes have been committed."[7] Here, however, the Second Superseding Indictment includes fifty overt acts and eleven separate counts in total. Accordingly, reducing the number of predicate offenses linked to one count is unlikely to meaningfully alter the jury's perceptions. The Court finds the risk of an adverse psychological effect on the jury from the Government's inclusion of Count 2 as a predicate offense for both Counts 9 and 11 to be minimal in light of the overall size and complexity of the crimes charged here and the fact that there are sufficient predicate acts alleged to support convictions on both counts.[8] Accordingly, Defendant's multiplicity concerns are best addressed at the trial and sentencing stages. The Court does not find good cause to dismiss either charge or require the Government to choose between them prior to trial.

---

[6] *Id.*; *see* United States v. Montemayor, 55 F.4th 1003, 1012 (5th Cir. 2022), *cert. denied*, No. 23-5993, 2024 WL 72254 (U.S. Jan. 8, 2024).

[7] United States v. Smith, 591 F.2d 1105, 1108 (5th Cir. 1979).

[8] *See* United States v. Miranne, 688 F.2d 980, 986 (5th Cir. 1982) ("Assuming, arguendo, that the counts in the indictment were multiplicious, we have difficulty understanding how these charges improperly prejudiced the appellants' case . . . We see the difference in the degree of potential prejudice between nine counts and fifty to be diminutive.").

5

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 30th day of January, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**